# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM 38911

_____

### UNITED STATES
*Appellee*

**v.**

### James A. KESTER
Airman First Class, USAF, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 7 February 2017

_____

*Military Judges:* Gregory O. Friedland (arraignment); Shelly W. Schools (sitting alone).

*Approved sentence:* Bad-conduct discharge, confinement for 100 days, and reduction to E-1. Sentence adjudged 22 June 2015 by SpCM convened at Kadena Air Base, Okinawa, Japan.

*For Appellant:* Major Thomas A. Smith, USAF and Captain Jarett F. Merk, USAF.

*For Appellee:* Major Mary Ellen Payne, USAF; Captain Matthew L. Tusing, USAF; and Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges*

Senior Judge J. BROWN delivered the opinion of the Court, in which Chief Judge DREW and Judge MINK joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

J. BROWN, Senior Judge:

At a judge alone general court-martial, Appellant was convicted, consistent with his plea, of an attempted lewd act by communicating sexually explicit

language to a child whom he believed was between 12 and 15 years old, in violation of Article 80, UCMJ, 10 U.S.C. § 880.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 100 days, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant asserts that the staff judge advocate's recommendation (SJAR) incorrectly advised the convening authority to follow the revised Article 60, UCMJ, 10 U.S.C. § 860, even though the offenses occurred prior to 24 June 2014. Finding no error, we affirm the findings and sentence.

## I. BACKGROUND

Appellant, a 19-year-old Airman First Class, was perusing Craigslist in April 2014 when he found an advertisement for a female in the "personals" section of the Okinawa portion of the website. In the advertisement, the person identified herself as 18 years old. He responded to the advertisement by email and told her he wanted to meet her and hang out. During the exchange of introductory emails, "Savanah" told Appellant that she was actually 15 years old. They continued to communicate with each other through email.

The following month, Appellant directed the conversation to topics of a sexually explicit nature and described what he would do to her sexually if given an opportunity. "Savanah" provided him with an on-base address. Appellant knocked on the door and discovered that "Savanah" was, in fact, a special agent with the Air Force Office of Special Investigations.

## II. DISCUSSION

Appellant asserts that it was error for the staff judge advocate to advise the convening authority that, although it was not applicable to this case, he consider and follow the new version of Article 60 when determining whether to grant clemency. We find that, under these facts, the staff judge advocate's advice did not constitute plain error.

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

---

[1] He was acquitted of wrongfully possessing child pornography. In addition, as a condition of the pretrial agreement, the Government dismissed an additional specification of wrongfully using lysergic acid diethylamide (LSD).

Failure to timely comment on matters in the SJAR, to include matters attached to it, forfeits the issue unless there is plain error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *Scalo*, 60 M.J. at 436. Under a plain error analysis, the appellant bears the burden of showing: (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of the appellant. *Kho*, 54 M.J. at 65.

For offenses occurring prior to 24 June 2014, a convening authority has the unfettered discretion to set aside findings or reduce adjudged sentences. Article 60(c)(4)(A), UCMJ, 10 U.S.C. §860(c)(4)(A) (2013).[2] For offenses occurring on or after that date, a convening authority's power to grant clemency is significantly reduced. Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A) (2014).

The sole offense for which Appellant was convicted occurred on 13 May 2014, so the convening authority had unfettered discretion to set aside the finding or reduce any portion of the sentence. The SJAR correctly advised the convening authority that the offense for which Appellant was convicted occurred "six weeks before statutory changes to the Uniform Code of Military justice became effective." The SJAR further advised:

> Had the offense occurred later, those changes would have removed your authority to disapprove the findings on his offense or the adjudged punitive discharge he received, and you would be required to provide a written explanation of the reasons for any other action taken on the adjudged sentence. I advise that you consider and follow Congress's new guidance, though not technically applicable, in future determinations for this case.

The SJAR then recommended that the convening authority approve the sentence as adjudged.

The SJAR was provided to both Appellant and his counsel. Appellant requested that the convening authority set aside the punitive discharge. In response to the SJAR, Appellant's trial defense counsel informed the convening authority that:

> As the law applies to this case, you are permitted to set aside the bad conduct discharge as [Appellant] requested. In fact, the Staff

---

[2] The convening authority's power under Article 60, UCMJ, 10 U.S.C. § 860, was restricted as part of the National Defense Authorization Act for Fiscal Year 2014 (FY 14 NDAA), Pub. L. No. 113-66, § 1702(b), 127 Stat. 672, 955–57 (2013). Pursuant to section 1702(d)(2), this amendment did not take effect until 24 June 2014, 180 days after the FY 14 NDAA was enacted.

> Judge Advocate legal review dated 2 September 2015 supports the fact that you have the authority to set aside the bad conduct discharge. The [staff judge advocate] even asked that you consider the intent of Congress and the defense also asks you to consider Congress' intent.

The convening authority, after considering Appellant's clemency submission and signing a memorandum to that effect, approved the sentence as adjudged.

The SJAR correctly informed the convening authority that the prior version of Article 60 was in effect and that, because of the date of the offense, the new Article 60, which would have restricted his clemency authority, was not applicable to Appellant's case. Despite making this clear, the SJAR recommended that the convening authority consider and follow the new guidance in determining whether to apply his highly discretionary clemency authority. This could be interpreted in one of two ways: (1) that the convening authority was required to follow the new guidance even though it was not applicable to this case; or (2) that the convening authority could consider the reasoning behind the change in the law in determining whether to grant clemency in this case. Appellant's counsel apparently read the SJAR as advising the convening authority that he could and should deny the clemency request, but was not required to do so. This belief was further reinforced by the SJAR when it restated that the new limitations on clemency were "not technically applicable" to this case. Appellant reiterated this very point, by reaffirming for the convening authority that the SJAR advised that he did have the authority to grant the requested clemency in this case. The convening authority was advised of both the old and new versions of Article 60, the differences between them, and which one applied to this case. Accordingly, there is nothing in the advice to the convening authority that suggested the convening authority was not authorized to grant Appellant's request to disapprove the punitive discharge.

The SJAR used the change in the law as an additional argument that the convening authority should hesitate to grant clemency in this case. As to this particular use of the changed law, Appellant chose not to object. There is nothing patently incorrect with a convening authority considering that similarly situated offenders that committed the crime six weeks after Appellant would be deprived of the same chance for clemency enjoyed by Appellant. Appellant had an opportunity to argue why the convening authority should use his broad clemency authority in this case. He did so when his counsel emphasized that the convening authority had the power to set aside the punitive discharge and set forth the reasons why the convening authority should do so.

We conclude that the convening authority was correctly advised as to his authority to disapprove the punitive discharge as requested by Appellant. We

also conclude that, although unwise, it was not plain error for the staff judge advocate to advise the convening authority that the change in the law, while not in effect in this case, could be a reason for the convening authority to choose not to invoke his broad clemency authority. Furthermore, as the convening authority was aware that he had broad discretion, yet personally chose not to use that authority, Appellant was not prejudiced.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court